UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STARLENE G. TAYLOR,

      Plaintiff,

          v.                          CAUSE NO. 3:25-CV-614-PPS-AZ

RON NEAL,

      Defendant.

OPINION AND ORDER

Starlene G. Taylor, a/k/a Gregory A. Taylor, a prisoner without a lawyer, filed a complaint. ECF 7. Pursuant to 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because Taylor is proceeding without counsel, I must give her allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Taylor's complaint contains unrelated claims. Typically, I would give her the opportunity to choose which related claims she would like to proceed on in this lawsuit and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). However, Taylor also filed a motion for a preliminary injunction, raising pressing concerns about her mental health while in segregation at Indiana State Prison (ISP). ECF 8. Because of the seemingly urgent nature of those concerns, I will allow her to proceed

on claims related to her mental health care in segregation and dismiss the unrelated claims without prejudice.

Taylor first seeks to hold Unit Team Manager (UTM) Pam Bane, Warden Ron Neal, Commissioner Christina Reagle, and Centurion Health of Indiana, LLC, liable because she has been held in segregation for more than 30 consecutive days as a seriously mentally ill prisoner in violation of a prior Private Settlement Agreement in the class action *Indiana Protection and Advocacy Services Commission v. Commissioner*, No. 1:08-cv-1317-TWP-MJD (S.D. Ind. decided Mar. 24, 2016). The Private Settlement Agreement that governed the resolution of that case has ended. *See id.* at ECF 757. But even if it were still in force, the Private Settlement Agreement would not be enforceable by a separate lawsuit in this court. Therefore, Taylor may not rely on that as a basis for relief here.

Instead, Taylor may challenge her continuing placement in segregation as an alleged seriously mentally ill person under the Eighth Amendment's prohibition on cruel and unusual punishment. [1] *See Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) ("[P]rolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement."). In a lawsuit for damages, "a conditions-of-confinement claim includes an objective and a subjective component." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). The objective

---

[1] Taylor doesn't challenge the process used to place her in segregation. Rather, she argues the continued placement is inappropriate given her mental health condition.

component requires a "showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Isby*, 856 at 521 (7th Cir. 2017) (quotation marks and citation omitted). The subjective component requires a "showing of a defendant's culpable state of mind." *Id.* A defendant is culpable if he acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennen*, 511 U.S. 825, 834 (1994). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Taylor does not allege which defendants were personally involved in the decision to place or maintain her in segregation despite her alleged serious mental illness, so she may not proceed on a claim for damages against any defendant. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights"). However, because she alleges that her placement is currently creating an excessive risk to her health or safety, she may proceed on a claim for permanent injunctive relief against the Warden in his official capacity to be placed in conditions of confinement consistent with the Eighth Amendment.

Taylor also asserts a claim under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. She alleges she has serious mental illnesses, including bipolar II

and gender dysphoria, that cause severe anxiety, depression, suicidal ideation and attempts, which affect the major bodily functions of concentration and sleeping. She says her disability is not being accommodated.

Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Prisons and correctional facilities are public entities within the purview of Title II. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). "Disability" in this context means: "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012) (citation and internal alteration omitted). When an inmate seeks damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act given the uncertainty about the availability of damages under Title II. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012). Relief under these two statues is coextensive. *Id.* To allege a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Here, even if Taylor has a qualifying disability, she has not stated a claim under either the ADA or the Rehabilitation Act because she has not plausibly alleged she is being denied a service, activity, or program of the prison because of her disability.

Rather, it appears her complaint is that she is not being given proper medical care for her serious mental illness. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[I]t would be extremely odd to suppose that disabled persons whose disability is treated negligently have a [] claim by virtue of the Americans With Disabilities Act."); *Perrey v. Donahue*, No. 3:06-CV-617, 2007 WL 4277621, at *4 (N.D. Ind. Dec. 3, 2007) (claim for inadequate medical treatment is improper under the ADA and the Rehabilitation Act, and instead the proper avenue is the Eighth Amendment). She will not be permitted to proceed under either the ADA or the Rehabilitation Act. However, construing her complaint broadly, I will consider whether she states a claim under the Eighth Amendment.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for damages, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. However, just as before, Taylor does not specify any defendant who was personally involved in her ongoing mental health treatment or the denial of such. She alleges only that Mental Health Provider (MHP) Sims and MHP Utesch failed to take action at one point when they allegedly became aware that she had access to razor blades while on suicide watch, allowing her to self-harm, and she seeks to hold them and their employer, Centurion Health of Indiana, LLC, liable. This one-time incident is unrelated to her ongoing

mental health care, so MHP Sims, MHP Utesch, and Centurion will be dismissed without prejudice.

Nevertheless, the complaint does plausibly allege that Taylor is not receiving constitutionally adequate medical care for serious medical needs. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). At the pleading stage, she has plausibly alleged that she has mental illness that qualify as a serious medical need. I, therefore, will allow her to proceed against the Warden in his official capacity to receive constitutionally adequate medical care for her serious mental health needs.

Next, Taylor describes incidents in which she alleges staff members, including Lieutenant Hudson and UTM Bane, placed her in physical danger. These incidents are unrelated to the claims that are being allowed to proceed, so I will dismiss them without prejudice. Finally, Taylor names as a defendant Psychologist Smith, whom she describes as the head of psychological services at ISP, but she does not mention the psychologist in the body of the complaint. Psychologist Smith will also be dismissed.

Let's turn to Taylor's request for a preliminary injunction. ECF 8. She states that since September 11, 2024, until now, she has been having problems receiving adequate mental health care at ISP. She alleges that for the past four months, there has been no licensed mental health staff working at ISP. As a result, all her medical request forms to mental health staff are going unanswered and she is not getting any help. She alleges her mental health issues are getting worse due to the stress from believing officers at

ISP want her dead because she is transgender and from not having power in her cell after the power to the cells were shut off due to several fires. She says these added stressors make her untreated mental health issues worse.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, I do not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief

as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

In the prison context, my ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in the correctional setting). I must also consider that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Likewise, prisoners are "not entitled to demand specific [medical] care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). And they do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is ordinarily a matter committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

With these standards in mind, and given the gravity of Taylor's allegations, I will order a response from the Warden before taking further action on her request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Starlene G. Taylor, a/k/a Gregory A. Taylor, leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief to be housed in conditions of confinement that do not pose an excessive risk to her health or safety as required by the Eighth Amendment;

(2) GRANTS Starlene G. Taylor, a/k/a Gregory A. Taylor, leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for serious mental health needs as required by the Eighth Amendment;

(3) DISMISSES all other claims WITHOUT PREJUDICE;

(4) DISMISSES Pam Banes, Christina Reagle, Smith, Utesch, Sims, and Centurion Health of Ind LLC;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 7), and the motion for a preliminary injunction (ECF 8);

(6) DIRECTS the clerk to email a copy of this order, the complaint (ECF 7), and the motion for a preliminary injunction (ECF 8) to Warden Ron Neal at Indiana State Prison;

(7) ORDERS Warden Ron Neal to acknowledge receipt of this order to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of the delivery;

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(9) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **May 29, 2026**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current mental health needs and the steps being taken to address those needs, with any reply due by **June 15, 2026**.

SO ORDERED.

ENTERED: April 29, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT